**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ADAY EXPRESS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-01243-RLW |
| ) | |
| FEDEX GROUND PACKAGE SYSTEM. ) | |
|     Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Arbitration ("Motion to Compel Arbitration," ECF No. 8). This matter is fully briefed and ready for distribution. The Court compels arbitration and dismisses this action.

**BACKGROUND**

Defendant FedEx Ground Package System ("FedEx") is a motor carrier that transports small packages. FedEx contracts with other businesses for the pick-up and delivery of packages. Plaintiff Aday Express, Inc. ("AEI") is an independent service provider. On November 13, 2020, AEI entered into an Independent Service Provider Agreement ("ISP Agreement"; ECF No. 9-3) with FedEx. The ISP Agreement has a mandatory arbitration provision enforceable under the Federal Arbitration Act ("FAA"). On October 21, 2021, FedEx filed its Motion to Compel Arbitration, arguing that the ISP Agreement requires arbitration of this matter. As relevant hereto, the ISP Agreement provides:

> **Dispute Resolution Procedure**. The Parties [FedEx and AEI] agree that "Dispute" includes any dispute, claim or controversy between the Parties arising out of or relating in any way to this Agreement and/or the relationship between the Parties resulting from this Agreement. . . .

***

> **Arbitration**. In their mutual interest to resolve Disputes promptly and efficiently, the Parties have elected to abide by the following mandatory arbitration provisions and the Arbitration Procedures in Section 16.5. The Parties agree that any Dispute,

>including without limitation the scope or applicability of this agreement to arbitration, shall be determined by final binding arbitration . . . No suit at law or in equity based on any Dispute or controversy shall be instituted by either Party hereto, other than a suit to confirm, enforce, vacate, modify or correct the award of the arbitrator as provided by Applicable Law.  This clause shall not preclude the Parties from seeking provisional remedies in the aid of arbitration from a Court of appropriate jurisdiction.  **THE PARTIES ACKNOWLEDGE THAT THE RIGHT TO A COURT TRIAL AND TRIAL BY JURY IS OF VALUE.  BY SIGNING THIS AGREEMENT, THE PARTIES KNOWINGLY AND VOLUNTARILY WAIVE SUCH RIGHT FOR ANY DISPUTE, SUBJECT TO THE TERMS OF THIS AGREEMENT TO ARBITRATE.**

(ECF 9-3, §§16.1, 16.3).  The ISP Agreement's arbitration provision also includes a delegation clause that grants the arbitrator the exclusive power to decide the threshold issue of arbitrability.[1]

## STANDARD OF REVIEW

The FAA, 9 U.S.C. § 1 *et seq.*, applies in this case. The FAA provides, as relevant here, that "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation

---

[1] The ISP Agreement contains a Pennsylvania choice-of-law provision.  (ECF No. 9-3, §18.10) ("The Agreement will be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to choice of law principles.").  Although the FAA applies in this case, FedEx also references the Pennsylvania Uniform Arbitration Act ("PUAA") and the Missouri Uniform Arbitration Act ("MUAA") as alternative sources of authority for the Court compel arbitration.  The FAA, PUAA, and MUAA promote the enforcement of arbitration agreements and compel arbitration in this case.  *See Riley v. Lucas Lofts Invs., LLC*, 412 S.W.3d 285, 290 (Mo. Ct. App. 2013) (citing *McCracken v. Green Tree Servicing, LLC,* 279 S.W.3d 226, 227 (Mo. Ct. App. 2009); *McCarney v. Nearing, Staats, Prelogar & Jones,* 866 S.W.2d 881, 887 (Mo. Ct. App. 1993)) ("Under Missouri law, arbitration proceedings are favored and encouraged to further the public policy of dispute resolution without resort to the courts."); *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 624 (3d Cir. 2009) (citing *Salley v. Option One Mortgage Corp.,* 592 Pa. 323, 925 A.2d 115, 119 n. 2 (2007) ("Pennsylvania law, like federal law, favors the enforcement of arbitration agreements.").

of any contract." 9 U.S.C. § 2. The United States Supreme Court has described this provision as reflecting both "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and "the fundamental principle that arbitration is a matter of contract," *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). In line with these principles, "courts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)).

"[T]hreshold questions of arbitrability are for a court to decide, unless there is clear and unmistakable evidence the parties intended to commit questions of arbitrability to an arbitrator." *Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, LLC*, 756 F.3d 1098, 1100 (8th Cir. 2014); *see also Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010) ("[C]ourts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue."). "[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). To that end, the Court's task is to determine: (1) whether there is a valid arbitration agreement, and (2) whether the particular dispute falls within the terms of that agreement. *See Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004); *Arkcom Digital Corp. v. Xerox Corp.*, 289 F.3d 536, 537 (8th Cir. 2002); *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085 (8th Cir. 2001). "When deciding whether the parties agreed to arbitrate a certain matter ..., courts generally ... should apply ordinary state-law principles that govern the formation of contracts."

*First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). While "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone*, 460 U.S. 1, 24–25 (1983), the party seeking to compel arbitration carries the burden to prove a valid and enforceable agreement, *see Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019). "If the parties have a valid arbitration agreement that encompasses the dispute, a motion to compel arbitration must be granted." *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 784 (8th Cir. 2016); *Aneke v. Davison Design & Dev., Inc.*, No. 4:20-CV-00270-KGB, 2021 WL 724379, at *3 (E.D. Ark. Feb. 24, 2021); *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir. 2007) (quoting *Dumont v. Saskatchewan Gov't Ins.*, 258 F.3d 880, 886 (8th Cir. 2001)) ("'[I]n light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration.'"); *Hooper v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 589 F.3d 917, 920 (8th Cir. 2009).  "While the Federal Arbitration Act 'generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it[,] ... district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration.'" *Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (8th Cir. 2021) (quoting *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011)).

**DISCUSSION**

In the Motion to Compel Arbitration, FedEx contends that the ISP Agreement provides that the instant matter must be resolved through arbitration.  FedEx states that AEI's claims "arise from and relate to the ISP Agreement because they concern AEI's attempted sale of its routes and assignment of the ISP Agreement to a third party." (ECF No. 9 at 6).  FedEx argues that "this

dispute will be resolved in its entirety through arbitration" so "there is no reason to keep this case pending in federal court and the case should be dismissed." (ECF No. 9 at 6).

In response, AEI does not oppose this matter being referred to arbitration. AEI, however, objects to FedEx's request that this lawsuit be dismissed during the pendency of the arbitration. AEI argues that the parties "cannot say with any certainty that arbitration will decide the 'entire controversy' between the parties," in part because discovery has not begun. (ECF No. 16 at 3). AEI contends FedEx has not alleged any facts or information from which the Court could infer that the entire controversy would be resolved through arbitration (ECF No. 16 at 3-4). AEI insinuates that there "are possible claims a Party may have involving third parties who influenced the other Party's actions giving rise to the 'Dispute.'" (ECF No. 16 at 3). Accordingly, AEI requests that this matter be stayed and not dismissed because the case may not be disposed of in its entirety at arbitration. *Id*.

The Court holds that dismissal of this entire action is appropriate because the allegations of the Petition either arise out of or relate to the ISP Agreement and, therefore, are subject to the arbitration provision. *See* ECF 9-3, §§16.1, 16.3. AEI's Petition alleges claims for Breach of the ISP Agreement, §17, based upon FedEx's allegedly unreasonable withholding of its consent to assignment (Petition, Count I); Tortious Interference with a Business Expectancy, based upon FedEx's allegedly wrongful and unreasonable denial of assignment of the ISP Agreement and the sale of AEI's routes to L&P Enterprises, Inc. ("L&P"). (Petition, Count II); and Breach of the ISP Agreement, §15.3/Duty of Good Faith and Fair Dealing (Petition, Count III). The Court finds that all of these claims will be completely resolved through arbitration because they all relate to whether FedEx unreasonably withheld its consent to the sale and assignment of AEI's routes to L&P.

In addition, the Court finds AEI's nebulous assertion that some possible third party claims may lurk in the background of this dispute to be insufficient. The Petition clearly only alleges claims by AEI against FedEx for its allegedly wrongful withholding of its consent to the transfer of the routes from AEI to L&P. Although AEI remarks that no discovery has been conducted, AEI does not detail what, if any, discovery would be required for a third party action or any other claim that would fall outside the arbitration provision. All of the parties to the proposed route transfer are known, yet the only claims alleged are between AEI and FedEx and are squarely within the purview of the arbitration provision of the ISP Agreement. Therefore, the Court finds that the any suggestion of a potential third party claim is a red herring. The Court affirms that the entire dispute between AEI and FedEx, as identified in the Petition, will be resolved through arbitration and the Court dismisses this cause of action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration (ECF No. 8) is **GRANTED**. The Court **GRANTS** the Motion to Compel Arbitration pursuant to the Federal Arbitration Act.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED**.

Dated this 30th day of November, 2021.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**